United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40873
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLFO VILLARREAL-GAYTAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-119-1
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rudolfo Villarreal-Gaytan appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Villarreal complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Villarreal thus contends that his sentence should not exceed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. <u>Id.</u> at 239-47. Villareal acknowledges that his argument is foreclosed by <u>Almendarez-Torres</u>, but asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.